United States District Court
Southern District of Texas
**ENTERED**
February 03, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACQUELINE RIOS, Individually and § <br> As Personal Representative of the § <br> Estate of Russell Rios, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SERGEANT JASON § <br> BLACKWELDER, *et al.*, § <br> Defendants. § | CIVIL ACTION NO. H-13-3457 |

## MEMORANDUM AND ORDER

This civil rights case is before the Court on the Motion for Attorneys' Fees ("Motion") [Doc. # 100] filed by Defendant City of Conroe (the "City"), seeking to recover $53,044.50 in attorneys' fees from Plaintiff Jacqueline Rios.[1] Plaintiff filed a Response [Doc. # 104], the City filed a Reply [Doc. # 105], Plaintiff filed a Sur-Response [Doc. # 106], and the City filed a Rejoinder [Doc. # 107]. Having reviewed the record, the parties' arguments, and applicable legal authorities, the Court exercises its discretion to **deny** the City's Motion for Attorneys' Fees.

---

[1] The Motion does not address the City's taxable costs in the amount of $4,337.20 in this court and $82.35 on appeal. These costs have been assessed and remain taxed against Plaintiff.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On July 31, 2013, Plaintiff's 19-year-old son Russell Rios was at a Wal-Mart Super Store in Conroe, Texas. Wal-Mart employees observed him shoplift, and they followed him when he left the store. Defendant Jason Blackwelder, an off-duty sergeant with the City of Conroe Police Department, was with his wife in the Wal-Mart parking lot. Plaintiff alleged that Blackwelder chased her son into the surrounding woods and shot him.

The City of Conroe placed Blackwelder on administrative leave. On September 27, 2013, a Montgomery County Grand Jury indicted Blackwelder for manslaughter, tampering with evidence, and making a false police report. On June 11, 2014, Blackwelder was convicted of manslaughter. Thereafter, Blackwelder's law enforcement license was revoked and his employment with the City of Conroe was terminated.

On November 21, 2013, Plaintiff filed this lawsuit against Blackwelder as the sole defendant. At that time, she was represented by David Bernsen and Christine Stetson. In the Original Complaint, Plaintiff alleged that what happened to her son "was an execution and a clear constitutional violation of the use of deadly force." Complaint [Doc. # 1], ¶ 11. Plaintiff alleged that "Blackwelder was acting as a City of Conroe police officer pursuant to Conroe Police Department Rules & Procedures

27 [*sic*], which require Conroe police officers to take police action even when off-duty."[2]  *Id.*, ¶ 19.

On December 5, 2013, the Court granted Plaintiff's motion to add a third attorney, Clement Aldridge, Jr., as her counsel in this case.

On February 10, 2014, Plaintiff filed her First Amended Complaint [Doc. # 17], again naming Blackwelder as the only defendant.  Plaintiff again alleged that what happened to her son "was an execution and a clear constitutional violation of the use of deadly force."  First Amended Complaint [Doc. # 17], ¶ 11.

On October 30, 2014, Plaintiff filed her Second Amended Complaint [Doc. # 34], continuing to allege that what happened to her son "was an execution and a clear constitutional violation of the use of deadly force."  *See* Second Amended Complaint [Doc. # 34], ¶ 13.  In the Second Amended Complaint, Plaintiff added the City of Conroe as a defendant.  Plaintiff alleged that the City of Conroe had a policy of "requiring officers to apprehend misdemeanor theft suspects through all means necessary, including deadly force."  *Id.*, ¶ 24.  Plaintiff alleged additionally that the City of Conroe "has allowed its officers to use excessive force without repercussions" and it is "well-known within the department that the use of deadly force even with

---

[2]  Conroe Police Department Rules & Regulations provide in section 2.7 that "Officers shall at all times respond to the lawful orders of supervisors, and to the call of citizens in need of police assistance."  This requirement applies even if the officer is off-duty.

unarmed suspects will not be disciplined, therefore allowing Sergeant Blackwelder to feel confident in his use of excessive force" against Plaintiff's son.  *Id.*, ¶ 25.  Plaintiff alleged also that the City of Conroe ratified Blackwelder's conduct by failing to discipline him adequately.  *See id.*, ¶ 29.

On July 8, 2015, Bernsen and Stetson moved to withdraw as counsel for Plaintiff.  At a hearing on July 17, 2015, the Court allowed Bernsen, Stetson, and Aldridge to withdraw as Plaintiff's counsel based on the representation that "Mr. McCotter" would soon make an appearance as counsel for Plaintiff.  *See* Hearing Minutes and Order [Doc. # 53].  No appearance by "Mr. McCotter" was ever filed.

Instead, on July 31, 2015, Patrick D. Hagerty filed a Motion for Admission *Pro Hac Vice* [Doc. # 54], seeking to represent Plaintiff in this lawsuit.  By Order [Doc. # 55] entered August 3, 2015, the Court conditionally granted Hagerty's motion, but required him to apply for admission to practice in the Southern District of Texas.  By Order [Doc. # 57] entered August 31, 2015, the Court noted that Hagerty had failed to comply with the Court's August 3, 2015 Order and, therefore, ordered that Hagerty was no longer permitted to appear as counsel for Plaintiff.

On August 31, 2015, Paul Gertz filed a Notice of Entry of Appearance and Designation of Attorney in Charge [Doc. # 58], appearing in this case as counsel for Plaintiff.

On October 30, 2015, Plaintiff filed a Motion for Leave to File Third Amended Complaint ("Motion to Amend") [Doc. # 64]. In the Motion to Amend, Plaintiff conceded that "counsel does not believe the allegations in the Second Amended Complaint are supported by the facts in this case and cannot be proven." *See* Motion to Amend, ¶ 2. Therefore, Plaintiff sought to file a third amended complaint to allege that her son struggled with Blackwelder, and while attempting to restrain her son, Blackwelder accidentally shot him. *See* Proposed Third Amended Complaint [Doc. # 65], ¶ 15. Based on these dramatically different factual allegations, Plaintiff sought to change her theory of liability against the City, alleging for the first time that the City of Conroe violated the constitutional rights of Plaintiff's son by failing to train its officers in proper off-duty conduct. *See* Motion to Amend, ¶ 2. By Memorandum and Order [Doc. # 68] entered December 1, 2015, the Court denied Plaintiff's Motion to Amend.

On December 4, 2015, the City filed its Motion for Summary Judgment. In her Response, Plaintiff conceded that summary judgment in favor of the City was appropriate on the Second Amended Complaint because Plaintiff "has no evidence to support the legal theories set forth in the Second Amended Complaint." *See* Response to Motion for Summary Judgment [Doc. # 73], p. 2. As a result, the Court granted

summary judgment in favor of the City by Memorandum and Order [Doc. # 83] entered February 1, 2016.

Plaintiff did not appeal the entry of summary judgment in favor of the City, but appealed the Court's denial of her motion for leave to file a third amended complaint. The Court's ruling on the Motion to Amend was affirmed by the Fifth Circuit in a *per curiam* decision entered December 29, 2016 [Doc. # 102]. Thereafter, the City renewed its Motion for Attorneys' Fees, which has been fully briefed and is now ripe for decision.

## II.    MOTION FOR AWARD OF ATTORNEYS' FEES

### A.    Applicable Legal Standard

The Court may, in its discretion, award attorney's fees to a prevailing party in a § 1983 action. *See* 42 U.S.C. § 1988(b); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *DeRamus v. City of Alexandria*, __ F. App'x ___, 2017 WL 89046, *2 (5th Cir. Jan. 9, 2017). The Court may exercise its discretion to award fees to a prevailing defendant only if the defendant establishes that the plaintiff's actions were "frivolous, unreasonable, or without foundation." *See Christiansburg Garment Co.*, 434 U.S. at 422; *DeRamus*, 2017 WL 89046 at *2; *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 577-78 (S.D. Tex. 2005). "[A]n award of summary judgment does not, by itself, entitle the defendant to costs and attorney's

fees." *Pisharodi*, 393 F. Supp. 2d at 578. Indeed, courts are generally reluctant to award fees to a prevailing defendant unless the plaintiff "refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest." *Id*. (citation omitted).

"When determining whether to award attorney's fees to defendants, [courts] consider as factors (1) whether the plaintiffs established a *prima facie* case; (2) whether the defendants offered to settle; and (3) whether the court held a trial on the merits." *DeRamus*, 2017 WL 89046 at *2 (citing *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000)). "A party's financial condition is not properly considered in determining whether to award fees."[3] *Broyles v. Texas*, 2009 WL 2215781, *4 (S.D. Tex. July 23, 2009) (citing *Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 238 (5th Cir. 1990)).

### B. <u>Analysis</u>

In this case, the Court has considered the full record, the applicable factors listed above, and other relevant legal principles. The Court exercises its discretion to deny an award of attorneys' fees to Defendants. The City filed an Answer [Doc. # 41] to the Second Amended Complaint, in which the City was first added as a Defendant, not a Motion to Dismiss. This indicates that the City understood Plaintiff to have

---

[3] There is no evidence in the record, and the Court has not considered, whether Plaintiff could pay over $50,000 in attorneys' fees without significant financial hardship.

adequately alleged a *prima facie* case. There is no indication in the record that the City offered to settle, but it is undisputed that Defendant Blackwelder offered to settle, and in fact settled, the claims against him. There was no trial on the merits of Plaintiff's claim against the City because summary judgment was granted in the City's favor. Nonetheless, the Court cannot find that Plaintiff refused to acknowledge applicable legal precedent or asserted interests which Plaintiff personally knew were nonexistent. Plaintiff, while represented by prior counsel, made factual allegations and asserted legal theories which admittedly lacked evidentiary support. Yet after Plaintiff obtained knowledgeable, competent counsel, she promptly abandoned those allegations and legal theories. After Gertz's substitution as counsel for Plaintiff, the only legal theory asserted against the City involved an alleged failure to train its police officers regarding proper conduct while off duty. This claim, although unlikely to prove successful, was not frivolous in light of the "single-incident" theory of liability set forth in *City of Canton v. Harris*, 489 U.S. 378 (1989). Because the only theory of liability pursued by Plaintiff after she obtained competent legal counsel was not "frivolous, unreasonable, or without foundation," the Court exercises its discretion to deny the City's request for attorneys' fees.

## III. CONCLUSION AND ORDER

The Court exercises its discretion to deny the City's Motion for Attorneys' Fees. Accordingly, it is hereby

**ORDERED** that the City of Conroe's Motion for Attorneys' Fees [Doc. # 100] is **DENIED.**

SIGNED at Houston, Texas, this **3rd** day of **February, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE